# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

GOCHA KHUKHUA,

Petitioner,

v.

Warden Jeremy Casey, Imperial Regional Detention Facility, et al.,

Respondents.

Case No.: 3:26-cv-02089-RBM-BJW

**ORDER GRANTING IN PART AMENDED PETITION FOR A WRIT OF HABEAS CORPUS**

**[Doc. 7]**

Pending before the Court is Petitioner Gocha Khukhua's ("Petitioner") Amended Petition for Writ of Habeas Corpus ("Amended Petition") pursuant to 28 U.S.C. § 2241. (Doc. 7.)  For the reasons set forth below, the Amended Petition is **GRANTED IN PART**.

## I.   BACKGROUND

### A.   Factual Background

Petitioner, a national of Georgia, entered the United States seeking asylum on December 25, 2024.  (Doc. 7 at 2.)  Petitioner was then apprehended by Border Patrol agents, taken to the hospital, and then transferred to the Otay Mesa Detention Center.  (*Id.*)

Petitioner received a positive credible fear determination and was placed in removal proceedings.  (*Id*. at 3.)  Petitioner applied for asylum relief but "on December 17, 2025, [an immigration] judge denied his application and ordered him removed."  (*Id*.)  Petitioner appealed the removal order with the Board of Immigration Appeals ("BIA"), and his appeal is currently pending.  (*Id*.)  "In the last four months, he has developed three abnormal

1

3:26-cv-02089-RBM-BJW

growths in his liver and abdomen that are causing him severe pain." (*Id.*)  The doctors are providing him painkillers, which have proved ineffective, and are not treating the growths. (*Id.*)  Petitioner "also suffers from a hernia and diabetes."  (*Id.*)

**B.      Procedural Background**

Petitioner, proceeding *pro se*, commenced this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1.)  That same day, Petitioner also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application").  (Doc. 2.)  On April 7, 2026, the Court issued an order: (1) granting the IFP Application; (2) appointing Federal Defenders of San Diego, Inc. as counsel; and (3) setting a briefing schedule which allowed Petitioner to file an amended petition.  (Doc. 4 at 2–3.)  On April 15, 2026, Petitioner, by and through counsel, filed the Amended Petition.  (Doc. 7.)[1]  Respondents filed a Response to the Amended Petition ("Response") on April 21, 2026.  (Doc. 8.)  Petitioner filed a Traverse that same day.  (Doc. 9.)

## II.      LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

---

[1]  A petitioner may amend his habeas petition once as a matter of course within 21 days after serving it.  *See* Fed. R. Civ. P. 15(a)(1)(A); *In re Morris*, 363 F.3d 891, 893 (9th Cir. 2004) ("Rule 15(a) applies to habeas corpus actions with the same force that it applies to garden-variety civil cases.").

3:26-cv-02089-RBM-BJW

### III.   <u>DISCUSSION</u>

Petitioner claims his detention for over 16 months has become unreasonably prolonged in violation of the Fifth Amendment's Due Process Clause.  (Doc. 7 at 2–9.)

Respondents "acknowledge[ ] that courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention," and "concede[ ] that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight."  (Doc. 8 at 1–2.)

The Court has granted petitions filed by similarly situated petitioners and "join[ed] the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."  *Khadka v. Otay Mesa Det. Ctr.*, No. 3:26-CV-00475-RBM-MMP, 2026 WL 800177, at *3 (S.D. Cal. Mar. 23, 2026); *see Malyshko v. Warden, Otay Mesa Det. Ctr.*, Case No.: 3:26-cv-00069-RBM-SBC, 2026 WL 252367, at *4 (S.D. Cal. Jan. 30, 2026) (quoting *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020)); *Xie v. LaRose*, Case No.: 3:26-cv-00529-RBM-DDL, 2026 WL 549909, at *2 (S.D. Cal. Feb. 27, 2026) (quoting the same); *Zhakuov v. Noem*, Case No. 3:26-cv-00288-RBM-DDL, 2026 WL 517981, at *2 (S.D. Cal. Feb. 25, 2026) (same); *Hussain v. LaRose*, Case No.: 3:26-cv-00194-RBM-MSB, 2026 WL 206715, at *2 (S.D. Cal. Jan. 27, 2026) (same).  In *Khadka*, the Court applied the test set forth in *Kydyrali* and found most factors weighed in favor of finding that a petitioner's 15 month detention under § 1225(b) had become unreasonably prolonged.  2026 WL 800177, at *3–4 (citing *Kydyrali*, 499 F. Supp. 3d at 773); *see Sibomana v. LaRose*, Case No.: 3:22-cv-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) ("In general, as detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing.") (citation omitted).

In this case, Petitioner has been detained for over 16 months since his initial entry into the United States, more than the petitioner in *Khadka*.  Petitioner claims he "has reason to anticipate significant future detention, as his case is on appeal to the BIA and will likely

go to the Ninth Circuit. . . . [which] 'may take up to two years or longer.'" (Doc. 7 at 8 (quoting *Banda*, 385 F. Supp. 3d at 1119).) "Although Petitioner[ ] chose 'to appeal the denial of asylum, as is [his] right, there is no indication that [he is] responsible for undue delay in the proceedings.'" *Malyshko,* 2026 WL 252367, at *5 (quoting *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. 2025)).

The Court therefore adopts its reasoning in *Khadka* and applies it here. For those same reasons, the Court finds that "Petitioner's detention under § 1225(b) has become unreasonably prolonged and due process therefore requires that he be provided with a bond hearing." *Khadka*, 2026 WL 800177, at *5. While Petitioner seeks his immediate release, the Court finds it appropriate to hold a bond hearing to determine the conditions of his potential release. The Court therefore finds that Petitioner is entitled to a bond hearing and **GRANTS** the Amended Petition on this ground.

Petitioner argues that the Court should order his immediate release because an immigration judge will not be a neutral decisionmaker. (Doc. 5 at 9–16.) The Court "declines to address the issues raised by Petitioner regarding the neutrality of immigration courts generally." *Sandesh v. LaRose*, Case No.: 26-cv-0846-JES-DDL, 2026 WL 622690, at *5 (S.D. Cal. Mar. 5, 2026). "It is axiomatic that the IJ must apply the proper legal standard to effectuate this Court's order for a bond hearing." *Id.* Indeed, "[d]istrict courts are better positioned to review the implementation of their orders in cases such as this after the bond hearing has occurred, so that the complete record in the case may be fairly evaluated." *Id.* (citing *Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1126 (S.D. Cal. 2008)).

## IV. <u>CONCLUSION</u>

Based on the foregoing reasons, the Amended Petition (Doc. 7) is **<u>GRANTED IN PART</u>**. To the extent that Petitioner requests to be released from custody, the Amended Petition is **<u>DENIED</u>**. Accordingly, the Court further **<u>ORDERS</u>** as follows:

1. Respondents are **<u>ORDERED</u>** to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) **<u>within ten (10) days</u>** of the entry of this Order to determine whether his continued detention is warranted.

4

3:26-cv-02089-RBM-BJW

2. At the bond hearing, Respondents **SHALL** bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight.[2]

3. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

4. If the bond hearing is not conducted within ten days of the entry of this Order, Respondents shall release Petitioner from custody until it is determined that his detention is warranted under § 1226(a).

5. Respondents **SHALL FILE** a status report **within 5 days** of providing Petitioner with a bond hearing indicating whether and when Petitioner received a bond hearing, and the outcome of that bond hearing.

6. Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel.

**IT IS SO ORDERED**.

DATE:  April 23, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2]  This relief has been granted in similar matters. *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1089 (E.D. Cal. 2025); *Abdul Kadir v. Larose*, Case No.: 25cv1045-LL-MMP, 2025 WL 2932654, at *6 (S.D. Cal. Oct. 15, 2025).

3:26-cv-02089-RBM-BJW